UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MINAINYO PRECIOUS SEKIBO, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-08-2219 |
| § | |
| MICHAEL CHERTOFF, *et al*, § | |
| § | |
| Respondents. § | |

## OPINION & ORDER

Pending before the Court is Defendants Janet Napolitano, Secretary of the United States Department of Homeland Security, Sandra M. Heathman, District Director, United States Citizenship and Immigration Services ("USCIS"), and USCIS's motion for partial dismissal and summary judgment (Doc. 20), as well as Plaintiff Minainyo Precious Sekibo's ("Sekibo") response in opposition (Doc. 23) and the Defendants' reply (Doc. 27). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted.

I. Background and Relevant Facts

Plaintiff Sekibo, a native and citizen of Nigeria, seeks *de novo* review by this Court of the denial by USCIS of his application to become a naturalized U.S. citizen. (Doc. 14.) Sekibo was originally admitted to the U.S. as a nonimmigrant student in 1980. (Doc. 19 at 207.) He become a lawful permanent resident of the U.S. on March 16, 1995. (*Id.* at 105.) On January 11, 1999, Sekibo applied for naturalization. (*Id.* at 173–76.) This application was denied by USCIS for lack of prosecution and on the ground that Sekibo was ineligible for naturalization as the spouse of a U.S. citizen where he failed to provide sufficient evidence that he lived in a marital union with that spouse. (*Id.* at 171–72.)

On October 14, 2005, Sekibo filed a second application for naturalization. (*Id.* at 104–14.) In response to Form N-400, question 10(A)(4), "Since becoming a Lawful Permanent Resident, have you EVER failed to file a required Federal, state, or local tax return?", Sekibo checked the "No" box, but clarified that he had sought an extension for his 2005 tax return. (*Id.* at 109.) On May 9, 2006, USCIS interviewed Sekibo in connection with his second application for naturalization. (*Id.* at 113, Part 13.) During the interview, Sekibo certified under penalty of perjury that the contents of his naturalization application were true and correct. (*Id.*) Sekibo also completed and signed a Record of Sworn Statement on May 9, 2006, affirming that he never provided false or misleading information to a U.S. government official while applying for an immigration benefit. (*Id.* at 115.) Following the May 9, 2006, interview, USCIS sent Sekibo a form requesting certification of the filing of his federal income tax returns for the previous five years. (*Id.* at 116–17.) On May 23, 2006, USCIS received copies of Sekibo's federal tax returns for the years 2001–2005. (*Id.* at 124–49.) The tax returns were marked as having been filed with the Internal Revenue Service ("IRS") on May 19, 2006, ten days after Sekibo's interview with the USCIS and more than seven months after he indicated to USCIS that he had not failed to file any annual federal income returns since becoming a lawful permanent resident. (*Id.* at 109, 124, 127, 132, 137, 142.)

On May 24, 2006, USCIS issued an initial denial of Sekibo's second application for naturalization on the ground that he provided false testimony regarding the filing of his federal income tax returns. (*Id.* at 89–91.) On June 14, 2006, Sekibo timely sought an administrative appeal by filing a request for a hearing on the naturalization decision. (*Id.* at 77–88, 92–95.) USCIS issued a final decision on June 3, 2008, confirming the initial denial of Sekibo's second naturalization application on the basis that he lacked the requisite good moral character due to

his failure to timely report and pay his federal income tax returns for years 2001–2005. (*Id.* at 74–76.)

Sekibo now requests that this Court remand his naturalization application for reconsideration by USCIS. (Doc. 14 at 6.) Defendants move for partial dismissal and summary judgment. (Doc. 23.)

II. Legal Standard for Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in

original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A*., 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ*., 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co*., 136

F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

### III. Discussion

This Court has jurisdiction over Sekibo's claim pursuant to 8 U.S.C. § 1421(c), which specifically provides that a "person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5." "Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). The Defendants concede "that on the allegations set forth in the Amended Complaint, Sekibo has asserted a sufficient claim to satisfy the jurisdictional requirements of 8 U.S.C. § 1421(c)." (Doc. 20 at 10.) Thus, Sekibo is entitled to *de novo* review by this Court of the USCIS's denial of his second application for naturalization.

An applicant seeking *de novo* review bears the burden of establishing that he is entitled to naturalization. 8 U.S.C. § 1427(a)(1)–(3); 8 C.F.R. § 316.10(a); *Berenyi v. District Director, INS*, 385 U.S. 630, 636–37 (1967). The general requirements for naturalization are set forth in 8 U.S.C. § 1427. This statute includes the condition of good moral character, stating that "no person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant . . . during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a). The burden is on the applicant to establish his good moral character. *Berenyi*, 385 U.S. at 637–39. Any doubts regarding the grant or denial of a naturalization application "should be resolved in favor of the United States and against the claimant." *United States v. Manzi*, 276 U.S. 463, 467 (1928); *see also*, *Berenyi*, 385 U.S. at 637.

"Sekibo denies that he made these [false] statement(s) knowingly, to mislead [US]CIS, or that he made same solely to obtain immigration benefits." (Doc. 23 at 6.) Rather, Sekibo "avows that the statements were made in genuine error and was [sic] an unfortunate misunderstanding of the questions put to him by the interviewing immigration officer." (*Id.*)

Sekibo failed to file federal tax returns during the five years preceding his second application for naturalization on October 14, 2005. Furthermore, he did not acknowledge this failure on his naturalization application or during his interview with USCIS. Sekibo did recall seeking an extension for his 2005 tax return, which reasonably would have jogged his memory regarding the four prior years of delinquent tax returns. While it is likely that, for example, filing a late tax return one year and then neglecting to acknowledge that fact on a naturalization application would not, standing alone, prevent an applicant from showing good moral character,

the Court finds that failing to file tax returns for five consecutive years and then denying that fact under penalty of perjury is not indicative of an applicant with "good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."  8 U.S.C. § 1427(a).

Having thoroughly examined the administrative record in this matter, the Court finds that, as a matter of law, Sekibo is unable to meet his burden of establishing his good moral character as required by 8 U.S.C. § 1427(a)(3).

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendants' motion for summary judgment (Doc. 20) is GRANTED.  The case is DISMISSED with PREJUDICE.

SIGNED at Houston, Texas, this 26th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE